**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 11-cr-00200-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **KEVIN R. CLEMMER**,
2. TINA SHELDON, a/k/a "Tina Stanfield,"
3. NOAH ZIEGLER, A/K/A "NOAH SMELTZER," and
4. ANGELA LEE, a/k/a "Angie Lee,"

    Defendants.

## ORDER EXCLUDING ADDITIONAL TIME UNDER THE SPEEDY TRIAL ACT

**Blackburn, J.**

On February 16, 2012, this matter came before me for a status conference. During the status conference the court and counsel determined and agreed that an additional 90 days from February 16, 2012, should be excluded from the time for a speedy trial under the Speedy Trial Act of 1974 (Act) and that a status conference should be set for May 11, 2012. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the status conference.

The agreement of the court and counsel implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the consensus implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

    The following periods of delay shall be excluded . . . in
    computing the time within which the trial of any such offense

>must commence:
>
>. . . .
>
>(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill***, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. ***See*** 18 U.S.C. § 3161(c)(1); ***United States v. Lugo***, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. ***See*** 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***Hill***, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. ***Id.*** at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

>(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). I have

discharged these duties.

The colloquy among the court and counsel on the record during the status conference included a description and discussion of the various factors that warrant and require the exclusion of additional time under the Act, and I adopt and incorporate those facts and the concomitant findings of fact that I entered during the hearing on February 16, 2012.

Defense counsel has been working diligently to review discovery and otherwise investigate in this matter. Notwithstanding, defense counsel needs a reasonable, additional time to receive, organize, and analyze the additional discovery to be produced by the government. Additionally, defense counsel needs a reasonable, additional time to review the government's voluminous evidence, consisting largely of files seized from the defendant's office. Furthermore, defense counsel needs a reasonable, additional time to attempt to acquire and then review other files, which the government did not seize. As requested without objection, I find that an additional 90 days from February 16, 2012, should be excluded under the Act to facilitate defense counsel's continuing review of discovery.

In evaluating the request and need to exclude additional time under the Act, I relied on the considerable professional experience and judgment of counsel. Additionally, I was sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); **United States v. Larson**, 627 F.3d 1198 (10th Cir. 2010); **Bloate v. United States**, – U.S. –. 130 S.Ct.

1345, 176 L.Ed.2d 54 (2010); and **United States v. Tinklenberg**, – U.S. –, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time allowed under 18 U.S.C. § 3161(c), even as extended by the previous orders of this court.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1)  That failure to exclude additional time under the Act would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)  That even considering due diligence, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3)  That an additional 90 days from February 16, 2012, should be excluded from the computation of the time for speedy trial; and

(4)  That, therefore, the ends of justice served by excluding an additional 90 days outweighs the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That an additional 90 days from February 16, 2012 – or until May 16, 2012 – **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial

Act of 1974, 18 U.S.C. §§ 3161-74;

    2.  That as agreed, a status conference **SHALL BE HELD** on **May 11, 2012, at 1:30 p.m.**, at which the defendant shall appear without further notice or order from the court and

    3.  That the **Trial Preparation Conference Order** [#31], filed May 27, 2011, is **AMENDED** and **SUPPLEMENTED** to the extent necessary to facilitate and implement these orders.

    Done in chambers February 21, 2012, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench during the status conference on February 16, 2012.

    **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge