**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No. 11-cr-00200-REB-01

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. KEVIN R. CLEMMER,

Defendant.

---

**PRELIMINARY ORDER OF FORFEITURE**
**AS TO DEFENDANT KEVIN R. CLEMMER**

---

**Blackburn, J.**

The matter is before me on the **United States' Motion For Preliminary Order of Forfeiture as To Defendant Kevin R. Clemmer** [#242][1] filed July 18, 2013. The court having read the motion and being fully advised in the premises finds and concludes as follows.

On May 23, 2013, the United States and defendant, Kevin R. Clemmer, entered into a Plea Agreement, Cooperation Agreement and Stipulation of Facts [#231-1], which provides a factual basis and cause to issue a forfeiture order under 21 U.S.C. § 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

Prior to the disposition of the assets, the United States, or its designated sub-custodian, is required to seize the forfeited property and provide notice to any third

---

[1] "[#242]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

parties pursuant to 21 U.S.C. § 853(n).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **United States' Motion For Preliminary Order of Forfeiture as To Defendant Kevin R. Clemmer** [#242] filed July 18, 2013, is **GRANTED**;

2. That the interest of defendant, Kevin R. Clemmer, in the following is forfeited to the United States in accordance with 21 U.S.C. § 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

a. 4045 Wadsworth Boulevard, #112, Wheat Ridge, Colorado 80033;

b. 1999 Lincoln Continental, VIN: 1LNHM97V7XY693718 (seized May 23, 2011 pursuant to Civil Seizure Warrant No. 11-mc-0043);

c. $6,026.38 in U.S. Currency (seized from Vectra Bank on May 23, 2011, pursuant to Civil Seizure Warrant No. 11-mc-0039);

d. $2,629.28 in U.S. Currency (seized from Bank of the West on May23, 2011, pursuant to Civil Seizure Warrant No. 11-mc-0040);

e. $1,138.55 in U.S. Currency (seized from JP Morgan Chase Bank, N.A. on May 23, 2011, pursuant to Civil Seizure Warrant No. 11-mc-0041);

f. 2006 Dodge Durango, VIN 1D4HB48266F103555 (seized May 23, 2011, pursuant to Civil Seizure Warrant No. 11-mc-0044);

g. $161,995.00 in U.S. Currency (seized from defendant's Vectra Bank safe deposit box on May 23, 2011, pursuant to Search & Seizure Warrant No. 11-sw-5227);

h. $99,818.00 in U.S. Currency (seized on May 23, 2011, from defendant's

      residence);

i. $1,157.00 in U.S. Currency (seized on May 23, 2011, from defendant's residence);

j. $1,155.00 in U.S. Currency (seized on May 23, 2011, from defendant's residence);

k. $70.70 in U.S. Currency (seized on May 23, 2011, from defendant's office);

l. $45.00 in U.S. Currency (seized on May 23, 2011, from defendant's office);

m. miscellaneous coins and precious metals (seized from defendant's Vectra Bank safe deposit box on May 23, 2011, pursuant to Search & Seizure Warrant No. 11-sw-5227); and

n. miscellaneous coins and precious metals (seized on May 23, 2011, from defendant's residence);

3. That pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment;

4. That the United States, or its designated sub-custodian, is directed to seize the property subject to forfeiture, and further to make its return as provided by law;

5. That the United States shall publish notice of this Preliminary Order of Forfeiture in accordance with 21 U.S.C. § 853(n) via an official government website for at least thirty (30) consecutive days, and to make its return to this court that such action has been completed;

6. That on adjudication of all third-party interests, if any, the court shaill enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed; and

7. That the court shall retain jurisdiction to enforce this order and adjudicate the interests of all third-parties in ancillary proceedings.

Dated August 22, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge