**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Date:                 January 2, 2014

Courtroom Deputy: Kathleen Finney
Court Reporter:     Tracy Weir
Probation Officer:  Patrick Lynch

**Criminal Action No.  11-cr-00200-REB-1**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Zachary Phillips |
| Plaintiff, | |
| v. | |
| 1.  KEVIN R. CLEMMER, | Mitchell Baker |
| Defendant. | |

**SENTENCING MINUTES**

**2:34 p.m.     Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Also pending before the court relevant to sentencing are the following papers: the **Preliminary Order of Forfeiture as to Defendant Kevin R. Clemmer** [#251] entered August 22, 2013; the **Objections and Corrections to Presentence Investigation Report** [#269] filed October 25, 2013; the defendant's **Sentencing Statement** [#277] filed December 19, 2013; the **Government's Motion to Dismiss Remaining Counts of the Indictment** [#282] filed December 31, 2013; the **United States § 5K1.1 Motion for Downward Departure from Sentencing Guideline Range** [#283] filed December 31, 2013; the **Government's Motion for Defendant to Receive Three Level Decrease for Acceptance of Responsibility Under U.S.S.G. § 3E1.1(b)** [#284] filed December 31, 2013; and the letters in support of the defendant's sentencing statement [#278] filed December 31, 2013.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the **United States § 5K1.1 Motion for Downward Departure from Sentencing Guideline Range** [#283] is **GRANTED**, insofar as it is consistent with the foregoing findings and conclusions and the following sentencing orders;

3. That the portion of the defendant's sentencing statement [#277], which requests a downward sentence variance, is **GRANTED**, consistent with the foregoing findings of fact and conclusions of law and the following orders;

4. That the **Government's Motion to Dismiss Remaining Counts of the**

       **Indictment** [#282] is **GRANTED**; that Counts 2 through 49, 52 through 55, and 57 through 60 of the Indictment are **DISMISSED** with prejudice;

5. That the **Government's Motion for Defendant to Receive Three Level Decrease for Acceptance of Responsibility Under U.S.S.G. § 3E1.1(b)** [#284] is **GRANTED**;

6. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Counts 1 and 62 of the Indictment;

7. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **forty-eight (48) months** on each of Counts 1 and 62, to be served concurrently;

8. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years** on each of Counts 1 and 62, to be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

9. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo a substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release all records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3), an order of judgment and forfeiture shall be entered; provided furthermore that the preliminary order of forfeiture [#251], entered August 22, 2103, shall become final and shall be a part of the sentence and included in the corresponding judgment;

11. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood, and that would facilitate his participation in and completion of RDAP; and

12. That the defendant shall voluntarily surrender and report, at defendant's expense to the institution designated by the Bureau of Prisons by 12:00

p.m. (**noon**) on the time designated by the court in a separate order.

The defendant is advised of the right to appeal the sentences imposed by the court.

**3:51 p.m.     Court in recess.**

Total time in court: 01:17

Hearing concluded.