**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  11-cr-00200-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  KEVIN R. CLEMMER,

      Defendant.

**ORDER DENYING MOTIONS TO MODIFY SENTENCING**

**Blackburn, J.**

The matter is before me on the defendant's *pro se* **Motion To Modify Term of Imprisonment** [#380][1] filed June 22, 2015,[2] and his related *pro se* **Motion to Modify Term of Imprisonment** [#385] filed July 22, 2015.  As required in the **Minute Order** [#381] entered June 23, 2015, on July 7, 2015, the government filed a timely response [#382] to the motion to modify [#380].  After careful review of the motions, responses, and file, I conclude that the motions should be denied.

Dr. Clemmer's first **Motion To Modify Term of Imprisonment** [#380], is quintessentially a motion seeking relief under 28 U.S.C. § 2255 for ineffective

---

[1] "[#380]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] Dr. Clemmer is proceeding *pro se*; thus, I have afforded him the judicial munificence due a *pro se* litigant.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

assistance of counsel.[3] I must deny this first motion on both procedural and substantive grounds. Essentially,[4] Dr. Clemmer alleges that his attorney failed to object to the presentence report [#280] at paragraph 22, which based the offense level of 32 on 186.34 grams (the equivalent of 186340 milligrams) of oxycodone (the equivalent of 1,248.478 kilograms of marijuana) – the total amount of oxycodone charged for all oxycodone drug counts – when all but count one, which charged only 1.8 grams of oxcodone –  were dismissed pursuant to the plea agreement.

Procedurally, this 2255 motion is time-barred. The **Amended Judgment in a Criminal Case** [#292] was filed January 26, 2014. The instant motion was filed June 22, 2015. The motion was not filed in the time prescribed 28 U.S.C. § 2255(f), and there is no basis to consider equitable tolling.

Substantively, Dr. Clemmer's criticism of his attorney is unwarranted. Dr. Clemmer voluntarily, knowingly, intelligently, and intentionally participated in a plea agreement – which had many advantages for him – in which he stipulated as follows:

> For purposes of relevant conduct the defendant stipulates pursuant to USSG §1B1.3(a)(1)(B) that the total drug quantity for which he is accountable is 186340 milligrams of oxycodone. As a result of the government's evidence and this stipulation, the defendant's accountability is the equivalent of 1,248 kilograms of marijuana.

Plea Agreement [#231-1] at 10. Dr. Clemmer has waived his right to complain about the quantity of oxycodone – and its marijuana equivalent – to which he stipulated in his plea

---

[3] As such, the motion is subject to immediate dismissal for the failure of Dr. Clemmer to file using the form required in the United States District Court for the District of Colorado.

[4] Frankly, this is my understanding and explication of Dr. Clemmer's argument after giving it the liberal construction due a *pro se* litigant.

agreement. Dr. Clemmer does not argue that somehow his attorney was ineffective for allowing him to stipulate as he did. Thus, the first motion must be denied for the failure of Dr. Clemmer to circumstantiate either prong of **Strickland v. Washington**, 466 U.S. 668 (1984).

Concerning the related, second **Motion to Modify Term of Imprisonment** [#385] filed July 22, 2015, Dr. Clemmer asserts – incorrectly – that the government failed to respond to his first motion [#380] by July 7, 2015, as ordered and, thus, it may be assumed that the government does not object to the relief he requests. The docket belies his assertion that the government failed to respond in a timely fashion. In fact, CM/ECF establishes conclusively that on July 7, 2015, the government filed its response [#382] to his first motion to modify [#380]. The fact that Dr. Clemmer may have received his copy of the response after July 7, 2015, is irrelevant. Thus, the second motion to modify must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendant's *pro se* **Motion To Modify Term of Imprisonment** [#380] filed June 22, 2015, is denied; and

2.  That the *pro se* **Motion to Modify Term of Imprisonment** [#385] filed July 22, 2015, is denied.

Dated August 4, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

3